

# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
June 24, 2020 05:14 PM
     AFTAB PUREVAL
    Clerk of Courts
 Hamilton County, Ohio
  CONFIRMATION 957923
```

**STEVEN MOORE**                                              **A 2002294**

vs.
**INTEGRA LIFESCIENCES**
**CORP**

## FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND

## PAGES FILED: 10

EFR200

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STEVEN MOORE<br>11176 Hawk St.<br>Cincinnati, OH 45241<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INTEGRA LIFESCIENCES CORP.<br>4900 Charlemar Dr.<br>Cincinnati, OH 45227<br><br>　**Serve also**:<br>　Integra Lifesciences Corp.<br>　c/o Corp. Service Co. (Stat. Agent)<br>　50 West Broad Street, Suite 1330<br>　Columbus, OH 43215<br><br>　-and-<br><br>　Integra Lifesciences Corp.<br>　1100 Campus Road<br>　Princeton, NJ 08540<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff Steven Moore, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

### PARTIES, JURISDICTION, & VENUE

1. Moore is a resident of the city of Cincinnati, Hamilton County, state of Ohio.

2. Defendant INTEGRA LIFESCIENCES CORP. ("Integra") is a foreign-incorporated business that conducts business in Ohio. The events that give rise to the claims for relief in this Complaint occurred at Integra's location at 4900 Charlemar Dr., Cincinnati, OH 45227.

3. Integra is, and was at all times hereinafter mentioned, Moore's employer within the meaning of R.C. § 4112.01(A)(2) and R.C. § 4113.52.
4. Therefore, personal jurisdiction is proper over Defendant pursuant to Ohio Revised Code §2307.382(A)(1), (3) and/or (4).
5. Venue is proper pursuant to Civ. R. 3(C)(1), (2), (3), and/or (6).
6. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

7. Moore is a former employee of Integra.
8. At all times noted herein, Moore was fully qualified for and could fully perform the essential functions of his job.
9. Moore worked for Integra, ending as a tooling and programming tech, from on or about August 23, 2011, until Integra unlawfully terminated Moore's employment on or about January 10, 2020, citing a zero-tolerance fighting policy.
10. Moore began his employment with Integra in Massachusetts and came to the Cincinnati location in or around November 2014.
11. Moore had zero issues with his employment in Massachusetts and was a stellar employee. This remained true when he came to Cincinnati, Ohio.
12. Despite Moore's excellent performance and attendance, Integra terminated his employment because of violence it reasonably expected to occur.
13. Moore was simply protecting himself from a violent menace (Dave Mitchell, *infra*) already known to Integra.
14. Integra negligently retained the menace that led to Moore's termination.

15. In or around early 2016, Dave Mitchell (machinist) began working with Integra in Moore's department.

16. Mitchell lasted in the department approximately one year until he resigned.

17. Eventually, Mitchell returned to Integra and continued working in Moore's department.

18. At first, there was no issue between Moore and Mitchell, though Mitchell frequently blew up over the smallest of problems.

19. In or around early 2019, Mitchell began having issues with James Arrowood (supervisor, no longer with Integra).

20. Moore did not witness these incidents, but heard rumors of Mitchell throwing chairs around the supervisors' office as he was angry with Arrowood.

21. These events gave Integra notice of Mitchell's violent propensities.

22. Mitchell ended up walking out of work that day, but the then-plant manager persuaded him to return to work a few days later.

23. Mitchell remained angry when he returned and continued to blow up at the smallest issues.

24. Around that time, Moore filed a complaint with HR (specifically, with Cheryl Loving-Mayfield) about Mitchell's propensity toward violence and Moore's concern for his (and others') safety.

25. This was additional notice of Mitchell's violent propensity as well as a protected complaint of unsafe working conditions.

26. Mitchell's violent responses to small incidents continued through 2019, despite Integra's notice of those issues.

27. There were roughly six similar incidents caused by Mitchell, but Integra never took any remedial action, despite repeated complaints of workplace safety and several resignations directly caused by Mitchell's violence.

28. On or about January 7, 2020, Moore told Brian Hobbs (lead machinist) about a problem he had with some bad parts.

29. Moore asked Hobbs to check over the parts to help out, but did not point any fingers as to who messed up the parts – it was Mitchell, but Moore did not tell this to Hobbs.

30. Roughly twenty minutes later, Mitchell accosted Moore, screaming about Moore's report.

31. Moore tried to calm Mitchell down (as he had several times prior), but Mitchell would not relent.

32. Mitchell grabbed Moore by the throat and began to strangle him.

33. Moore knocked Mitchell's hands away in self-defense.

34. Joshua Duffey (programmer) stepped in and told Mitchell to leave – Duffey luckily managed to stop Mitchell's violence.

35. Duffey brought Mitchell to the supervisor (Vick Turner) and reported the situation to HR, who then evidently took the report to corporate.

36. Moore worked for the rest of the day assuming he would need to provide a statement too, but he was never approached.

37. On or about January 8, 2020, Moore returned to work and saw that Mitchell was still working, seemingly without any discipline for throttling him.

38. Moore could not stand to work with someone who had made an attempt on his life, so he spoke with Steven Nowack (manager) and mentioned he could not work in an unsafe

environment caused by coworkers. This was another protected complaint regarding workplace safety.

39. Moore spoke with Nowack again the next day and said he intended to begin looking for a new job because Integra refused to keep him reasonably safe at work. This was another protected complaint regarding workplace safety.

40. On or about January 10, 2020, Nowack brought Moore back into work.

41. A few hours into his shift, Moore was called to meet with Nowack and Loving-Manfield. They then terminated Moore's employment citing the zero-tolerance fighting policy.

42. Within one week of Moore's complaint about Mitchell's physical assault (a protected complaint of workplace safety), his employment was terminated.

43. Moore also filed at least one report prior to this violence in 2019, but Integra took no remedial action.

44. Integra simply wanted Moore to stay silent and not complain about threats on his life that Integra had the ability to remedy.

45. Both Moore and Mitchell were employees of Integra.

46. Mitchell had a propensity toward violence (as demonstrated by his repeated violent actions throughout his employment, including previous actions that Moore himself reported to Integra).

47. Integra had notice of Mitchell's violent propensities (again, Moore himself specifically reported Mitchell's previous actions).

48. Mitchell's continued employment directly led to his assault on Moore and thus was a proximate cause of Moore's legal injuries.

49. Integra could have prevented this entire situation, but instead of taking remedial action against Mitchell early on, it allowed Mitchell to attempt to strangle Moore at work.

50. Defendant's termination of Moore was an adverse employment action against him.

51. Defendant's purported reason for Moore's termination is pretextual.

52. Defendant actually terminated Moore's employment in retaliation for his complaints of workplace safety.

53. Defendant had actual and/or constructive notice of Mitchell's propensity toward violence.

54. Despite Defendant's notice of Mitchell's propensity toward violence, it maintained his employment until he committed (yet another) violent act while working within the scope of his employment.

55. Defendant negligently retained Mitchell's employment despite knowing of his propensity toward violence against his coworkers.

56. Defendant's negligent retention of Mitchell was the proximate cause of Moore's damages.

57. As a result of Defendant's acts and omissions above, Moore has suffered damages.

## COUNT I: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

58. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

59. A clear public policy exists and is manifested in Ohio statutes, including R.C. § 4101.11 and/or § 4101.12, and/or administrative regulations, or in the common law, in favor of providing workers with a healthy and safe work environment, and against terminating an employee based on complaints of unsafe working conditions caused by violent employees.

60. As set forth above, Moore repeatedly made reports to Integra about the unethical, unlawful, and/or policy-violating behavior that was going on there, including unsafe working conditions caused by Mitchell.

6

61. Defendant's termination of Moore's employment jeopardizes these public policies.

62. Defendant's termination of Moore's employment was motivated by conduct related to these public policies.

63. Defendant had no overriding business justification for terminating Moore's employment.

64. As a direct and proximate result of Defendant's conduct, Moore suffered and will continue to suffer damages.

## COUNT II: NEGLIGENT RETENTION

65. Moore restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. Mitchell physically assaulted Moore while both were working within the scope of their employment.

67. Integra is and/or was the employer of both Moore and Mitchell.

68. Integra knew Mitchell had engaged in physical violence against Moore and other employees as Moore and other employees had reported Mitchell's violent acts to integra.

69. Integra's negligent retention of Mitchell is the proximate cause of Moore's damages.

70. As a direct and proximate result of Defendants' conduct, Moore has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Moore demands from Defendant the following:

a) Issue a permanent injunction:

   i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

7

      ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

      iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

      iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

      v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge his personnel file of all negative documentation;

c) An award against Defendant for compensatory and monetary damages to compensate Moore for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Moore's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Matthew G. Bruce
Matthew Bruce (0083769)
    Trial Attorney
Evan R. McFarland (0096953)
THE SPITZ LAW FIRM, LLC
8354 Princeton-Glendale Rd., Suite 203,
West Chester, OH 45069
Phone: (216) 291-4744 x173
Fax:   (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com

*Attorneys for Plaintiff Steven Moore*

9

E-FILED 06/24/2020 05:14 PM / CONFIRMATION 957923 / A 2002294 / COMMON PLEAS DIVISION / IFIJ

## JURY DEMAND

Plaintiff Steven Moore demands a trial by jury by the maximum number of jurors permitted.

/s/ Matthew G. Bruce
Matthew Bruce (0083769)